UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                            :
KATHLEEN KOVACH,                     :
                  Plaintiff,    :
                            :            13 Civ. 7198 (LGS)
        -against-        :
                            :          OPINION & ORDER
THE CITY UNIVERSITY OF NEW YORK, et al.,:
                 Defendants.  :
                            :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/4/15__

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Kathleen Kovach brings suit against her employer, the City University of New York ("CUNY"), and various administrative officials at Brooklyn College alleging discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, the New York State Human Rights Law and the New York City Human Rights Law. After extensive mediation, the parties reached a settlement on all issues except attorneys' fees. Plaintiff now moves for attorneys' fees in the amount of $117,537.07.  In addition, Plaintiff's former attorney, Anne Clark, moves to enforce the charging lien of her law firm Vladeck, Waldman, Elias & Engelhard, P.C. (the "Vladeck Firm") on Plaintiff's recovery in this case.  For the following reasons, Plaintiff's motion for attorneys' fees is granted in part, and the Vladeck Firm's motion to enforce its lien is also granted in part.

## I.  BACKGROUND

      Only facts necessary to resolve the present motions are recited below.  Unless otherwise noted, the facts are undisputed.

### A.  Procedural Overview

      On August 18, 2010, Plaintiff filed with the New York State Division of Human Rights a charge of discrimination that would eventually give rise to the present lawsuit.  She filed the

operative Complaint in this action on October 11, 2013.  Pursuant to this District's Standing

Administrative Order in certain employment discrimination cases, the case was automatically

referred for mediation on December 17, 2013.  By joint letter dated April 17, 2014, the parties

informed the Court that they had reached an "agreement in principle."  This agreement -- a result

of two mediations at which Anne Clark of the Vladeck Firm represented Plaintiff -- was

formalized in a term sheet signed by all parties in March 2014, at the conclusion of the second

mediation session.

By letter dated May 9, 2014, Plaintiff (writing for herself and not through counsel)

expressed dissatisfaction with Ms. Clark's representation during the mediation.   The Court

granted Plaintiff's application to terminate Ms. Clark as her counsel of record on May 27, 2015.

On June 26, 2014, Steven Sledzick, Plaintiff's current attorney for purposes of the attorneys' fees

motion, filed a notice of appearance.

At a conference in this matter on August 1, 2014, the case was again referred to

mediation.  After further mediation, the parties filed a stipulation of settlement, which the Court

approved on October 20, 2014, resolving all claims except the demand for attorneys' fees.  All

parties agree that this settlement agreement is virtually identical to the agreement negotiated by

the Vladeck Firm on Plaintiff's behalf.  On November 11, 2104, Plaintiff filed her motion for

attorneys' fees, and on November 17, 2014, and with the Court's leave, the Vladeck Firm filed,

under seal and ex parte as to Defendants, its motion to enforce its charging lien.  Plaintiff is

proceeding pro se, but "advised by new counsel," in opposition to the Vladeck Firm's motion.

### B. Plaintiff's Attorneys

Over the course of this case, Plaintiff has been represented by four different law firms,

and she seeks attorneys' fees for each firm's representation.

2

Plaintiff first hired Richard Corenthal of the law firm Meyer, Suozzi, English & Klein, P.C. (the "Meyer Suozzi Firm").  Based on the invoices Plaintiff has submitted in connection with the motion for attorneys' fees, the Meyer Suozzi Firm represented Plaintiff from approximately December 2009 to June 2010.  According to Plaintiff's retainer agreement with the Meyer Suozzi Firm, the representation was "for advice and representation to settle [Plaintiff's] disability discrimination and retaliation claims against [CUNY] and Brooklyn College."  Further, "[r]epresentation for purposes of instituting administrative proceedings or a lawsuit is not covered by th[e] retainer agreement."  Plaintiff requests attorneys' fees in the amount of $3,900 for the Meyer Suozzi Firm's work.

In July 2010, Plaintiff retained Martin Silberman of the Silberman Law Firm (the "Silberman Firm") to represent her in the New York State Division of Human Rights.  The retainer agreement between the Silberman Firm and Plaintiff did not extend to "litigat[ing] this case in court."  Plaintiff has produced invoices showing that Mr. Silberman, who graduated from law school in 1977, did the bulk of the work at an hourly rate of $300.  The Silberman Firm's documented fees and expenses total $7,318.79.[1]  However, based on Plaintiff's personal records, she claims attorneys' fees in the amount of $8,864.99 -- $1,546.20 more than the documented amount.  She explains that she "do[es] not have all of the bills and records of payments" for the Silberman Firm because she has moved.

Plaintiff then retained the Vladeck Firm from September 2012 to July 2014 to represent her in this action.  In her declaration, Ms. Clark of the Vladeck Firm states, based on extensive

---

[1]       In their opposition to Plaintiff's motion for attorneys' fees, Defendants state that the documented attorneys' fees and expenses for the Silberman Firm total $7,317.76.  However, according to the invoices submitted in connection with this motion, the documented attorneys' fees and expenses for the Silberman Firm are $7,318.79.

documentation, that the Firm's fees and expenses in this case total $89,023.83.[2]  Ms. Clark explains that in arriving at the total amount, she had "examined the computer entries for which fees are sought" and certified that the fees were "accurate, reasonable and necessarily incurred in the prosecution of the case."  Among other exclusions, the Vladeck Firm also excluded the time and expenses incurred after May 9, 2014, the date Plaintiff terminated her relationship with the firm.

The Vladeck Firm focuses on employment law and has been very successful in representing employees in litigation and arbitration.  Ms. Clark, a partner at the firm, has practiced law for approximately 25 years, has served as lead and co-counsel at trial in numerous employment cases and has taught employment and discrimination law at various law schools for over a decade.  The Vladeck Firm billed Ms. Clark's time at an hourly rate of $700, Ms. Clark's standard rate since 2012.  The firm also charged $350 per hour for an associate who has practiced law for almost a decade and $200 per hour for a recent law school graduate.

Plaintiff signed two successive retainer agreements with the Vladeck Firm.  The first retainer, which Plaintiff signed on October 10, 2012 (the "2012 Retainer"), stated that the Vladeck Firm would bill Ms. Clark's time at $700 per hour, associates at $250 to $400 per hour, law clerks at $150 per hour and paralegals at $125 per hour.  The 2012 Retainer further provided that "[i]f there is a settlement in this matter, [the Vladeck Firm] will also receive 5% of any gross amount accepted by [Plaintiff] (including any amount [CUNY] pays towards attorneys' fees)."

On November 18, 2013, Plaintiff signed a second retainer with the Vladeck Firm (the "2013 Retainer"), which explicitly superseded and replaced the older retainer.  Under the 2013 Retainer, the Vladeck Firm agreed to bill at the reduced hourly rates of $300 per hour for Ms.

---

[2]      According to Plaintiff's affidavit, the Vladeck Firm's expenses and fees total $89,373.83. However, according to Ms. Clark's affidavit, the "total amount of the Vladeck Firm's attorneys' fees and disbursements is $89,023.83."  This Opinion uses the latter amount.

Clark and $200 for associates, with no change in the remaining rates.  However, the 2013

Retainer provided that "if we[, i.e., the Vladeck Firm] obtain a monetary settlement or verdict in

your favor, we would recalculate the fees to our then-current hourly rates, and in addition, we will

also receive 10% of any gross amount accepted by you."

      After terminating her relationship with the Vladeck Firm, Plaintiff hired Stephen Sledzick

of Jones Morrison, LLP ("Jones Morrison"), who continues to represent her for purposes of the

attorneys' fees motion.  In his declaration, Mr. Sledzick, a partner at Jones Morrison, states that,

based on his firm's billing records, his firm's legal fees and expenses incurred on this matter total

$14,538.25.  Mr. Sledzick has practiced law for almost 25 years, served as employee's counsel in

a number of employment cases and acted as a neutral hearing officer for various municipalities.

Jones Morrison billed his time at an hourly rate of $350, which he reduced from his typical rate of

$400, and billed the time of another associate at $250 an hour.

## II.  LEGAL STANDARD

      Title VII of the Civil Rights Act authorizes the award of attorneys' fees to prevailing

parties.  *See* 42 U.S.C. § 2000e–5(k) (allowing "a reasonable attorney's fee (including expert

fees)" to prevailing parties under Title VII).  When a plaintiff settles, "[i]f the relief obtained is of

the same general type as the relief demanded in the complaint, a plaintiff may be considered to be

a prevailing party."  *Lyte v. Sara Lee Corp.*, 950 F.2d 101, 104 (2d Cir. 1991) (internal quotation

marks omitted).  To determine the amount of attorneys' fees a party may recover, a court must

calculate the "presumptively reasonable fee," generally referred to as the "lodestar."  *Arbor Hill

Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183, 189-90 (2d Cir.

2008); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) ("[T]here is a strong

presumption that the lodestar figure is reasonable . . . .").  The "lodestar" is calculated by

multiplying the reasonable number of hours that the case requires by the reasonable hourly rates.

*Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *Blanchard v. Bergeron*, 489

U.S. 87, 94 (1989). The movant bears the burden of submitting evidence sufficient to support the

hours worked and the rates claimed.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

New York law creates a lien by which an attorney may recover unpaid fees from a

settlement or award in the client's favor:

> From the commencement of an action . . . in any court . . . or the
> initiation of any means of alternative dispute resolution including,
> but not limited to, mediation . . . or the provision of services in a
> settlement negotiation at any stage of the dispute, the attorney who
> appears for a party has a lien upon his or her client's cause of
> action, claim or counterclaim, which attaches to a verdict, report,
> determination, decision, award, settlement, judgment or final order
> in his or her client's favor.

N.Y. Jud. Law § 475.  This charging lien is enforceable in federal courts.  *Chesley v. Union

Carbide Corp.*, 927 F.2d 60, 67 (2d Cir. 1991).  "[A]n attorney need not be counsel of record at

the time a plaintiff receives judgment or settlement proceeds in order to have a lien on those

proceeds, so long as the attorney was counsel of record at one point in the proceedings." *Petition

of Harley & Browne*, 957 F. Supp. 44, 48 (S.D.N.Y. 1997).

The amount of fees the lawyer may recover from a charging lien is based on quantum

meruit rather than the fee agreement between lawyer and client.  "The charging lien should be

fixed at the . . . fair and reasonable value of the services rendered, determined at the time of the

discharge and computed on the basis of *quantum meruit*."  *Winkfield v. Kirschenbaum & Phillips,

P.C.*, No. 12 Civ. 7424, 2013 WL 371673, at *2 (S.D.N.Y. Jan. 29, 2013) (internal quotation

marks omitted).  "A charging lien, although originating at common law, is equitable in nature,

6

and the overriding criterion for determining the amount of a charging lien is that it be 'fair.'"

*Sutton v. N.Y. City Transit Auth.*, 462 F.3d 157, 161 (2d Cir. 2006) (internal citations omitted).

"The theory of *quantum meruit*, rather than the retainer agreement, is the basis for determining

the amount at which to fix the charging lien." *Stair v. Calhoun*, 722 F. Supp. 2d 258, 268-69

(E.D.N.Y. 2010); *see also Brennan v. New York Law Sch.*, No. 10 Civ. 0338, 2012 WL 4177736,

at *2 (S.D.N.Y. Aug. 15, 2012), *report and recommendation adopted*, 2012 WL 4195826

(S.D.N.Y. Sept. 20, 2012) ("An attorney discharged without cause is entitled to a charging lien

for the reasonable value of his services even where, as here, the initial retention was on a

contingent basis.").  The Second Circuit has stated that the "lodestar approach is sufficiently

congruent with the criteria applicable under New York law to justify such a choice of calculation

methodology" in assessing the amount of a charging lien.  *Sequa Corp. v. GBJ Corp.*, 156 F.3d

136, 149 (2d Cir. 1998); *see also Brennan*, 2012 WL 4177736, at *3  (applying "lodestar"

method in computing amount of charging lien).[3]

        Enforcement of a charging lien depends on whether the attorney was discharged for cause

because if "a lawyer is discharged for cause, he or she is not entitled to legal fees," *Universal

Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C.*, 370 F.3d 259, 263 (2d Cir. 2004),

or a charging lien, *Antonmarchi v. Consol. Edison of N.Y.*, 678 F. Supp. 2d 235, 241 (S.D.N.Y.

2010).  Generally, a "hearing is required to determine if [an attorney] was discharged for cause,

and, if not, the amount of his fee on a quantum meruit basis." *Id.* at 241 (quoting *Mason v. City of

New York*, 889 N.Y.S.2d 24, 25 (1st Dep't 2009)).  However, when presented with detailed

submissions, courts routinely decline to hold such a hearing.  *See, e.g.*, *Winkfield*, 2013 WL

---

[3]        The relevant criteria include "[1] the difficulty of the matter, [2] the nature and extent of
the services rendered, [3] the time reasonably expended on those services, [4] the quality of
performance by counsel, [5] the qualifications of counsel, [6] the amount at issue, and [7] the
results obtained (to the extent known)."  *Sequa Corp.*, 156 F.3d at 148.

371673, at *3 (deciding issue of lien on a "careful review of the record"); *Milner v. City of New York*, No. 10 Civ. 9384, 2012 WL 3138110, at *11 (S.D.N.Y. Aug. 2, 2012), *report and recommendation adopted*, 2012 WL 6097111 (S.D.N.Y. Dec. 10, 2012) (deciding whether attorney was discharged for cause based on written submissions and finding no hearing necessary because none of the purported reasons proffered by Plaintiff were valid reasons to constitute discharge); *Antonmarchi*, 678 F. Supp. 2d at 238.

## III. DISCUSSION

### A. Attorneys' Fees

Defendants concede that Plaintiff is entitled to reasonable attorney's fees, but contest the amount Plaintiff requests -- $117,532.07.[4]  In particular, Defendants dispute the fees requested for the Meyer Suozzi Firm, and request reductions for the Silberman Firm, the Vladeck Firm and Jones Morrison.  According to Defendants, Plaintiff is entitled to no more than $87,907.74 in attorneys' fees and expenses.  For the reasons below, Plaintiff may recover a total of $110,880.87 in attorneys' fees and expenses.  The expenses included in this amount, which are distinct from the fees discussed below, have not been challenged and are approved as reasonable.

#### 1. *The Meyer Suozzi Firm*

Attorneys' fees for work by the Meyer Suozzi Firm are denied in their entirety because the firm did not represent Plaintiff in an "action or proceeding" under Title VII as required by 42 U.S.C. § 2000e-5(k).  The Meyer Suozzi Firm's retainer agreement with Plaintiff explicitly stated

---

[4]     Plaintiff, proceeding pro se, submitted an unauthorized "statement . . . in opposition to claims made by" Defendants' counsel, which is construed as a reply.  In this document, without providing documentation, Plaintiff "requests the Court to . . . instruct the defendants to pay" a "Requested Total" of $68,122 and an "Estimated possible add" of $16,000 for a total of $84,122. Because Plaintiff has given no reason to depart from the documented amount requested in her opening motion papers (drafted by counsel), the dollar amount requested in the reply is not considered.

that the representation did not extend to any potential litigation, putting the firm's work outside of the administrative and court proceedings in this action. *See, e.g.*, *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 63 (1980) (finding that under Title VII "fees are authorized for work done at the state and local levels" in addition to federal proceedings, where "proceedings" refer to court cases or administrative proceedings).

### 2. *The Silberman Firm*

The parties do not dispute that the hours worked and rates charged by the Silberman Firm are reasonable. However, because Plaintiff has not submitted sufficient evidence to support the full award she seeks, the attorneys' fees award for work done by the Silberman Firm is limited to the total documented amount, i.e., $7,318.79. *See, e.g.*, *Hensley*, 461 U.S. at 433 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly.").

### 3. *The Vladeck Firm*

The largest portion of Plaintiffs' request for attorney's fees is for work by the Vladeck Firm -- $89,023.83.

As another court in this District has recognized, the Vladeck Firm is "without question . . . a well-known and highly respected law firm that concentrates in representing individuals in employment and labor related matters." *Merino v. Beverage Plus Am. Corp.*, No. 10 Civ. 706, 2012 WL 4468182, at *2 (S.D.N.Y. Sept. 25, 2012). In light of Ms. Clark and the Vladeck Firm's experience, skill and reputation, the hourly rates charged are reasonable. Taking into consideration recent attorneys' fees awards to the Vladeck Firm in this District and the presumed increase with the passage of time, the Vladeck Firm's rates are reasonable for purposes of calculating the lodestar. *See, e.g., Guallpa v. N.Y. Pro Signs Inc.*, No. 11 Civ. 3133, 2014 WL 2200393, at *10 (S.D.N.Y. May 27, 2014) (collecting cases).

Based on a review of the Vladeck Firm's billing records, the hours expended by the firm on this matter are reasonable, and Defendants' arguments to the contrary are rejected.  First, Defendants argue that the Vladeck Firm should not be paid "for their unsuccessful efforts to finalize the settlement" between March 21 and May 9, 2014, after the parties had an agreement in principle.  (The Vladeck Firm excluded time after May 9, 2014, when Plaintiff terminated her relationship with the firm.)  Defendants argue that this work was "wasted effort," duplicative of Mr. Sledzik's work in finalizing the settlement, and was caused by Plaintiff's initial repudiation of the settlement agreement.  The Vladeck Firm's time records show, however, that after an initial period between March 27 and April 2 was spent researching and addressing the enforceability of the term sheet (which Ms. Clark explained was undertaken at Plaintiff's request and prompted by the Defendants taking employment actions consistent with the term sheet, but in the absence of a signed settlement agreement), the Vladeck Firm turned to what appears to be routine and necessary work in finalizing the settlement -- reviewing and editing the proposed settlement agreement, communicating with opposing counsel regarding the agreement, researching a possible settlement provision concerning Medicare and gathering information for the fee application, including information about other attorneys.  None of this work appears to be wasted, duplicative or otherwise inappropriate.

Second, Defendants argue that research by Ms. Clark on three separate occasions (totaling five hours) could have been accomplished at half the rate by an associate, and preparation for mediation by Ms. Clark's associate over a period of one week (for more than nine hours) could have been accomplished in half the time. To the contrary, there is nothing unreasonable about the hours or rates charged for this work.

Accordingly, Plaintiff may recover $89,023.83 for the Vladeck Firm's fees and expenses.

### 4. *Jones Morrison*

The hours spent and the hourly rate charged by Jones Morrison ($350) are reasonable. Defendants' objection to Mr. Sledzik charging his full hourly rate for an hour's travel time to and from mediation sessions is rejected. Courts have the power to grant the full hourly rate for travel, *see, e.g.*, *Mister Sprout, Inc. v. Williams Farms Produce Sales, Inc.*, 881 F. Supp. 2d 482, 490 (S.D.N.Y. 2012) (citing *Ruggiero v. Krzeminski*, 928 F.2d 558, 564-65 (2d Cir. 1991)), and one hour of travel in this case is not unreasonable, *see id.* at 486 ("Two and a half hours of travel time appears to be reasonable."). Accordingly, Jones Morrison is awarded the full amount requested.

### 5. *Consulting*

Plaintiff's request for $1,210 to recover consultation fees in conjunction with various law firms she ultimately did not retain in this action is denied. Defendants correctly argue, and counsel for Plaintiff does not contest, that such consultation fees may not be recovered where the attorneys did not perform any work and did not contribute to Plaintiff's status as a "prevailing party."[5]

---

[5] Because Defendants' individualized arguments as to each Firm's reasonable attorneys' fees have been addressed, the Opinion does not consider Defendants' argument for a "substantial across-the-board reduction . . . [as] a practical alternative to a detailed analysis of rates and hours."

*6.  Summary*

To summarize, Plaintiff may recover the following attorneys' fees and expenses:

|  | Requested ($) | Granted ($) |
|---|---|---|
| **Meyer Suozzi Firm** | 3,900.00 | 0.00 |
| **Silberman Firm** | 8,864.99 | 7,318.79 |
| **Vladeck Firm** | 89,023.83 | 89,023.83 |
| **Jones Morrison** | 14,538.25 | 14,538.25 |
| **Consultations** | 1,210.00 | 0.00 |
| **TOTAL** | 117,537.07 | **110,880.87** |

In sum, Plaintiff is entitled to $110,880.87 in attorneys' fees and expenses.

**B.  Charging Lien**

Based on a careful review of the records submitted in connection with the motion, including email communications between Plaintiff and Ms. Clark, the Court declines to undertake a hearing and determines based on the parties' submissions that the Vladeck Firm was not discharged for cause.  Accordingly, the Vladeck Firm is entitled to a charging lien on Plaintiff's ultimate recovery, but the amount is limited to the reasonable value of its services as reflected in the lodestar amount calculated above less the amount Plaintiff has already paid the firm, $18,500.

"Courts typically find a discharge 'for cause' where there has been a significant breach of legal duty." *Allstate Ins. Co. v. Nandi*, 258 F. Supp. 2d 309, 312 (S.D.N.Y. 2003).  Discharge on account of "personality conflicts, misunderstandings or differences of opinion having nothing to do with any impropriety by . . . the lawyer," does not amount to discharge "for cause."  *Gurry v. Glaxo Wellcome, Inc*., No. 98 Civ. 6243, 2000 WL 1702028, at *2 (S.D.N.Y. Nov. 14, 2000)

12

(quoting *Klein v. Eubank*, 87 N.Y.2d 459 (1996)).  "Without objective facts demonstrating that the strategic choices made . . . fell below those which could be characterized as an exercise of professional judgment, the discharge is not for cause."  *Milner*, 2012 WL 3138110, at *11.

Based on the parties' submissions, it is clear that while the Vladeck Firm's relationship with Plaintiff may have produced misunderstandings and frustrations on both sides, there was no breach of a legal duty.  Plaintiff claims principally that Ms. Clark did not prepare Plaintiff for the mediation, that Ms. Clark misled Plaintiff about her rights concerning certain defaulting Defendants, that she was coerced into accepting a settlement that released them and others, and that the monetary amount was less than she had been prepared to accept.  A review of email exchanges between Ms. Clark and Plaintiff refutes the argument that Ms. Clark breached any legal duty to Plaintiff; the emails reveal that Ms. Clark provided competent legal and practical advice on the subjects about which Plaintiff says she was misled, although Plaintiff disagreed with it.   Further, Plaintiff ultimately agreed to a settlement that is essentially identical to the one she claims Ms. Clark misled and coerced her into signing.  At most, this is a case of "differences of opinion, or personality conflicts," which "do not amount to cause."  *Garcia v. Teitler*, 443 F.3d 202, 212 (2d Cir. 2006).  Therefore, the Vladeck Firm's charging lien against Plaintiff's recovery is enforceable.

The Vladeck Firm claims a charging lien in the amount of $89,023.83, which is consistent with the lodestar amount calculated above and is granted.  As part of its lien, the Vladeck Firm also seeks ten percent of Plaintiff's $250,000 settlement award, consistent with the terms of the 2013 Retainer.  Because "[t]he theory of *quantum meruit*" as expressed in the lodestar amount "rather than the retainer agreement, is the basis for determining the amount at which to fix the

13

charging lien," this request to enforce the 2013 Retainer Agreement is denied.  *Stair*, 722 F. Supp. 2d at 268-69.

 In sum, the Vladeck Firm is entitled to a charging lien of $89,023.83 (attorneys' fees and costs) less $18,500 (amount paid by Plaintiff) for a total of $70,523.83.

## IV. CONCLUSION

 For the foregoing reasons, Plaintiff is entitled to $110,880.87 in attorneys' fees and expenses, and the Vladeck Firm is entitled to a charging lien in the amount of $70,523.83.

 All matters in this case having been resolved, No later than **June 11, 2015**, the parties shall file a proposed order of judgment consistent with this Opinion.

 The Clerk of Court is directed to close the motion at Dkt. No. 50.

 SO ORDERED.

Dated: June 4, 2015
   New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

14