```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/6/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
KATHLEEN KOVACH,                                            :
                              Plaintiff,                    :
                                                            :         13 Civ. 7198 (LGS)
           -against-                                        :
                                                            :         OPINION & ORDER
THE CITY UNIVERSITY OF NEW YORK, et al.,                    :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

Plaintiff Kathleen Kovach brought suit against her employer, the City University of New York ("CUNY"), and various administrative officials at Brooklyn College alleging discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, the New York State Human Rights Law and the New York City Human Rights Law. After extensive mediation, the parties reached a settlement on all issues except attorneys' fees. Plaintiff's former counsel, Jones Morrison, LLP ("Jones Morrison"), brings this motion on behalf of Plaintiff for attorneys' fees and costs, and for a charging lien in favor of the firm. For the following reasons, the motion is granted.

I. BACKGROUND

On August 18, 2010, Plaintiff filed with the New York State Division of Human Rights a charge of discrimination that eventually gave rise to the present lawsuit. She filed the operative Complaint in this action on October 11, 2013. Pursuant to this District's Standing Administrative Order in certain employment discrimination cases, the case was automatically referred for mediation on December 17, 2013. By joint letter dated April 17, 2014, the parties informed the Court that they had reached an "agreement in principle." Plaintiff terminated her prior counsel effective May 29, 2014.

On June 26, 2014, Steven Sledzick of Jones Morrison, appeared in this action on behalf of Plaintiff.  Plaintiff paid Jones Morrinson $5,385.  Mr. Sledzick worked with Plaintiff and defense counsel on finalizing the settlement.  On October 20, 2014, the Court approved the parties' stipulation of settlement resolving all matters except for attorneys' fees.  By Opinion and Order dated June 4, 2015, Plaintiff was awarded fees for work performed by her various counsel, including $14,538.25 for work by Jones Morrison through October 30, 2014.  On August 7, 2015, the Court granted Mr. Sledzick's motion to withdraw as counsel for good cause.

On August 17, 2015, Plaintiff, through Mr. Sledzick, filed the instant motion for attorneys' fees for work performed after the prior fee award and a charging lien in favor of Jones Morrison.  Plaintiff seeks (1) $8,375.82 for fees incurred from November 1, 2014 through August 17, 2015, and (2) a charging lien of $17,529.07 for Jones Morrison for total unpaid fees owed to that firm.  Defendants oppose in part the motion for fees and take no position on the motion for a charging lien.

As noted in the prior opinion awarding fees in this case, Mr. Sledzick has practiced law for almost 25 years, served as employee's counsel in a number of employment cases and acted as a neutral hearing officer for various municipalities.  *Kovach v. City Univ. of New York*, No. 13 Civ. 7198, 2015 WL 3540798, at *3 (S.D.N.Y. June 4, 2015).  Jones Morrison billed Mr. Sledzick's time at an hourly rate of $350, which was reduced from his typical rate of $400 an hour.  *Id*.

## II.  LEGAL STANDARD

Title VII of the Civil Rights Act authorizes the award of attorneys' fees to prevailing parties.  *See* 42 U.S.C. § 2000e–5(k) (allowing "a reasonable attorney's fee (including expert fees)" to prevailing parties under Title VII).  When a plaintiff settles, "[i]f the relief obtained is of

the same general type as the relief demanded in the complaint, a plaintiff may be considered to be a prevailing party." *Lyte v. Sara Lee Corp.*, 950 F.2d 101, 104 (2d Cir. 1991) (internal quotation marks omitted). To determine the amount of attorneys' fees a party may recover, a court must calculate the "presumptively reasonable fee," generally referred to as the "lodestar." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189-90 (2d Cir. 2008); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) ("[T]here is a strong presumption that the lodestar figure is reasonable . . . ."). The "lodestar" is calculated by multiplying the reasonable number of hours that the case requires by the reasonable hourly rates. *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). The movant bears the burden of submitting evidence sufficient to support the hours worked and the rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

New York law creates a lien by which an attorney may recover unpaid fees from a settlement or award in the client's favor:

> From the commencement of an action . . . in any court . . . or the initiation of any means of alternative dispute resolution including, but not limited to, mediation . . . or the provision of services in a settlement negotiation at any stage of the dispute, the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor. . . .

N.Y. Jud. Law § 475. This charging lien is enforceable in federal court. *Chesley v. Union Carbide Corp.*, 927 F.2d 60, 67 (2d Cir. 1991). An attorney's "permitted withdrawal as attorney of record does not affect his entitlement to the statutory lien under Section 475." *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 451 (2d Cir. 1998).

The amount of fees the lawyer may recover from a charging lien is based on quantum meruit rather than the fee agreement between lawyer and client. "Under NYJL § 475, a charging

3

lien may be determined 'on a *quantum meruit* basis, ascertaining the reasonable value of the legal services rendered up to the date of' counsel's withdrawal or discharge." *Antonmarchi v. Consol. Edison Co. of N.Y.*, 678 F. Supp. 2d 235, 241 (S.D.N.Y. 2010) (citing *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 148 (2d Cir.1998)).  "A charging lien, although originating at common law, is equitable in nature, and the overriding criterion for determining the amount of a charging lien is that it be 'fair.'"  *Sutton v. N.Y. City Transit Auth.*, 462 F.3d 157, 161 (2d Cir. 2006) (internal citations omitted).  The "lodestar approach is sufficiently congruent with the criteria applicable under New York law to justify such a choice of calculation methodology" in assessing the amount of a charging lien.  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 148-49 (2d Cir. 1998); *see also Brennan v. New York Law Sch.*, No. 10 Civ. 0338, 2012 WL 4177736, at *3 (S.D.N.Y. Aug. 15, 2012), *report and recommendation adopted,* 2012 WL 4195826 (S.D.N.Y. Sept. 20, 2012) (applying "lodestar" method in computing amount of charging lien).[1]

## III. DISCUSSION

### A. Attorneys' Fees

As the Court already found in the June 4, 2015 Opinion, and as Defendants concede, the hourly rate charged by Mr. Sledzick, $350, is reasonable.  Defendants challenge that Plaintiff should recover attorneys' fees for the following categories of work:  (1) unsuccessful attempts by Mr. Sledzick to improve Plaintiff's settlement, (2) any work by Mr. Sledzick related to Plaintiff's dispute with her previous counsel, and (3) any work related to requesting a charging lien against Plaintiff on behalf of Jones Morrison.  For the reasons below, Plaintiff may recover the full amount of requested fees.  The request for reimbursement of expenses, which are distinct from the fees discussed below, have not been challenged and are approved as reasonable.

---

[1] The relevant criteria include "[1] the difficulty of the matter, [2] the nature and extent of the services rendered, [3] the time reasonably expended on those services, [4] the quality of performance by counsel, [5] the qualifications of counsel, [6] the amount at issue, and [7] the results obtained (to the extent known)."  *Sequa Corp.*, 156 F.3d at 148.

The Defendants' request to eliminate 3.4 hours of time allegedly spent attempting to improve the terms of settlement is rejected.  First, many of the time entries identified by Defendants appear to reflect efforts to effectuate the settlement.  Only one entry explicitly addresses proposed changes to the settlement agreement.  In any event, the challenged time was spent in connection with efforts to end this matter, and such efforts are compensable.  *See Riverside v. Rivera*, 477 U.S. 561, 575 (1986) ("[C]ounsel for prevailing parties should be paid, as is traditional with attorneys compensated by a fee-paying client, '*for all time reasonably expended on a matter.*'") (emphasis in original, quoting S. Rep. No. 94-1011, at 6 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5908, 5913).

Defendants' request to eliminate 3.25 hours relating to the Vladeck firm and their motion for fees and a charging lien is similarly misplaced.  [Dkt. 102 at p. 6 bottom page numbers.] Much of that time was spent in connection with Plaintiff's first motion for fees and costs. A party is entitled to the reasonable cost of preparing and defending a fee application.  *See, e.g., Anderson v. Rochester-Genesee Reg. Transp. Auth.,* 388 F.Supp.2d 159, 163 (W.D.N.Y. 2005) (including time spent on attorneys' fees motion in fee award in ADA case); *Pascuiti v. New York Yankees,* 108 F.Supp.2d 258, 275 (S.D.N.Y. 2000) (same); *cf., Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999) ("a reasonable fee should be awarded for time reasonably spent in preparing and defending an application for § 1988 fees").  Other time spent in communication with the Vladek firm appears to have been seeking clarification about the settlement with Defendants, which the Vladek firm originally negotiated and Jones Morrison completed.  The hours billed by Mr. Sledzick for time spent communicating with Plaintiff's previous counsel are approved as reasonable.

Defendants' third objection to time charged for work related to requesting a charging lien against Plaintiff on behalf of Jones Morrison's firm is moot. In his Plaintiff's reply memorandum on this motion, Mr. Sledzick voluntary reduced his fee request by .6 of an hour, or $210, in response to this objection.

In sum, Plaintiff's request for attorney's fees in the amount of $8,375.82 is granted.

### B. Charging Lien

Mr. Sledzick and his firm, Jones Morrison, were permitted by the Court to withdraw for good cause. Because Mr. Sledzick and his firm were not discharged for cause, the Jones Morrison Firm's charging lien against Plaintiff's recovery is enforceable. No objections have been filed disputing the firm's entitlement to a lien.

The amount claimed, $17,529.07, is consistent with the lodestar amount calculated above. As of June 4, 2015, the firm was entitled to fees of $14,538.25 following the first award of attorney fees, and as of today, an additional $8,375.82 in fees, for a total of $22,914.07 in fees. Of this amount, Plaintiff has paid Jones Morrison $5,385.00. Accordingly, the charging lien in the amount of $17,529.07 is granted.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff is entitled to $8,375.82 in attorneys' fees and expenses, and Jones Morrison is entitled to a charging lien in the amount of $17,529.07.

SO ORDERED.

Dated: October 6, 2015
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE